UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOE LOUIS BROWN,

                Plaintiff,        ORDER
                                            10-CV-5062(JS)(AKT)
   -against-

NASSAU COUNTY DEPARTMENT OF
PARKS AND RECREATION,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Joe Louis Brown, Pro Se
                   40 W. Columbia Street, Apt. 423
                   Hempstead, NY 11550

For Defendants:   No appearances

SEYBERT, District Judge:

       Before the Court is the Complaint of pro se plaintiff Joe Louis Brown ("Plaintiff") against the defendant, Nassau County Department of Parks and Recreation ("Defendant"), brought pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (as amended) ("Title VII"), and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of Plaintiff's application, his request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte dismissed with leave to replead.

## BACKGROUND

       Plaintiff's brief Complaint, brought pursuant to Title VII and the ADEA, is submitted on the Court's complaint form and

provides very little substance as to the nature of his allegations. In addition, the facts alleged by Plaintiff are inconsistent. For example, Plaintiff has checked the boxes on the complaint form for race and age discrimination and has checked that he complains of the following discriminatory conduct: "failure to hire", "termination of my employment", "failure to promote", and "unequal terms and condition of my employment". <u>See</u> Compl. at ¶ 4. Further, Plaintiff claims that the Defendant is still committing these acts against him and indicates that the alleged discriminatory acts occurred in October 25, 2010. Compl. at ¶¶ 5-6. However, Plaintiff also alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights regarding the Defendant's alleged discriminatory conduct on September 5, <u>2005</u>. (Compl. at ¶¶ 9-10).

Finally, in the Section of the complaint form where a plaintiff is instructed to state the facts of the case, Plaintiff provides only the following: "The EEOC has adopted the finding of the state of local fair employment practices agency that investigated this charge and that I have right to sue." (Compl. at ¶ 8). Annexed to the Complaint is a copy of the "Dismissal and Notice of Rights" from the EEOC dated October 13, 2010.

DISCUSSION

I. Application Of 28 U.S.C. § 1915(e)(2)

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss the action as soon as it makes such a determination. See id. Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002). The Court is mindful that the Plaintiff is proceeding pro se and thus his submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers. . . .'" Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)

It is axiomatic that the Court is required to read the Plaintiff's pro se Complaint liberally and to construe a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594,

30 L. Ed. 2d 652 (1972). Nevertheless, a plaintiff's pro se status "does not exempt [him] from compliance with relevant rules of procedural and substantive law. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotations and citation omitted).

II. <u>Rule 8 of the Federal Rules of Civil Procedure</u>

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, as is readily apparent, Plaintiff's sparse Complaint fails to provide the Defendant with sufficient notice of the claims against it. Given the absence of any facts in support of the Plaintiff's claims, the Complaint fails to comply with Rule 8's requirements and is dismissed without prejudice and with leave to amend the Complaint in accordance with this Order. Any Amended Complaint shall be filed with the Court within thirty days (30) days from the date this Order is served with notice of entry upon

4

the Plaintiff or the Complaint will be deemed dismissed with prejudice.

III. <u>Nassau County Department of Parks and Recreation</u>

Plaintiff names the Nassau County Department of Parks and Recreation as the sole Defendant. However, the Nassau County Department of Parks and Recreation is an administrative arm of Nassau County and thus lacks the capacity to be sued as a separate entity. <u>Hill v. U.S. Attorney's Office</u>, No. 08-CV-1045(JS)(AKT), 2009 WL 2524914, at *2 (E.D.N.Y. Aug. 14, 2009) (citing <u>Toomer v. County of Nassau</u>, No. 07-CV-1495(JFB)(ETB), 2009 WL 1269946, at *1 n. 1; <u>see</u> <u>also</u> <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued)). Accordingly, the Plaintiff's claim against the Nassau County Department of Parks and Recreation is dismissed with prejudice.

CONCLUSION

For the reasons stated above, Plaintiffs' request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED; and

It is further ordered that Plaintiffs' Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the Nassau County Department of Parks and Recreation and is otherwise DISMISSED

WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for purpose of an appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); and

It is further ordered that the Plaintiff may file an Amended Complaint.  An Amended Complaint must be labeled "Amended Complaint" and must bear the docket number 10-CV-4225 (JS)(AKT).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January  25 , 2011
          Central Islip, New York