IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★   DEC 22 2011   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
JOE LOUIS BROWN,

                              Plaintiff,                MEMORANDUM & ORDER
                                                        10-CV-5062(JS)(AKT)

        - against -

NASSAU COUNTY,

                              Defendant.
-------------------------------------------X
APPEARANCES:
For Plaintiff:        Joe Louis Brown, pro se
                      40 W. Columbia Street, Apt. 423
                      Hempstead, NY 11550

For Defendant:        Michelle M. Faraci, Esq.
                      Nassau County Attorney's Office
                      One West Street
                      Mineola, NY 11501

SEYBERT, District Judge

        Joe Louis Brown ("Plaintiff") commenced this action pro se

on October 25, 2011 against Nassau County Department of Parks and

Recreation alleging violations of his rights under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e17 ("Title

VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§

621-34 ("ADEA").   Accompanying the Complaint was an application

to proceed in forma pauperis.   On January 25, 2011, the Court

granted Plaintiff's request to proceed in forma pauperis, but

sua sponte dismissed the Complaint without prejudice for failing

to comply with Rule 8 of the Federal Rules of Civil Procedure.

        On February 2, 2011, Plaintiff filed an Amended

Complaint asserting claims against Nassau County under Title VII

and the ADEA.   Presently before the Court is Defendant's motion

to dismiss the Amended Complaint for failure to state a claim. For the reasons set forth below, Defendant's motion is GRANTED and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

<u>BACKGROUND</u>[1]

Plaintiff was employed by the Nassau County Department of Parks and Recreation as a Seasonal Park Worker for four consecutive summer seasons--from 2002 to 2005. Plaintiff was assigned to the North Woodmere Park area and his duties included "keep[ing] the water sprinklers on for the children and maintain[ing] a safe environment." (Am. Compl. Addendum.)

During the 2005 season, Plaintiff was approached by Bill King, the regional supervisor of the North Woodmere location of the Nassau County Department of Parks and Recreation, to discuss complaints that he had received from residents concerning his work at the North Woodmere playground. Plaintiff asserts that these complaints were unfounded because no resident ever submitted a written complaint, appeared in the office to complain, or telephoned regarding Plaintiff's conduct. No disciplinary action was taken, and Plaintiff worked the full 2005 season in North Woodmere Park.

---

[1] The following facts are taken from Plaintiff's Amended Complaint and the documents attached thereto as well as Plaintiff's submissions in opposition to Defendant's motion to dismiss. They are presumed to be true for the purposes of this Memorandum and Order.

On September 5, 2005, Mr. King approached Plaintiff while he was working on the tennis courts to discuss additional resident complaints. During the conversation, Mr. King referred to the fact that Plaintiff is black, and stated that he "was too damn old to work anyway" and that "it's not going to do you any damn good because you won't be working here." (Am. Compl. Addendum.)

Also on September 5, 2005,[2] as with prior years, Plaintiff was evaluated at the end of the season.[3] Plaintiff's overall evaluation was "very good" and he was recommended for rehire for the 2006 summer season. However, Plaintiff indicated that he was not interested in being rehired for the following summer season.[4] Plaintiff was not rehired in 2006.[5] In 2007, Plaintiff filled out an application to be rehired for the 2007 summer season and followed-up with Mr. King about the possibility of being rehired as a supervisor. Plaintiff asserts that Mr. King "didn't want to talk to [him] on it." (Pl. Sur-

---

[2] It is unclear whether Plaintiff's evaluation took place before or after his conversation with Mr. King.

[3] Plaintiff attaches his Final Evaluations for the 2003, 2004 and 2005 summer seasons to his Amended Complaint.

[4] In the section of his 2005 Final Evaluation asking, "[a]re you interested in employment with the Nassau County department of Rec., Museums & Parks next season," Plaintiff checked "No" and signed his name.

[5] It is unclear whether Plaintiff sought reemployment for the 2006 season.

3

Reply, Nov. 14, 2011, at 2.)   He "made it clear to [Plaintiff] that [he] would not be allowed to come back and work at the North Woodmere Park." (Pl. Opp'n, Nov. 8, 2011, at 1.) Plaintiff was not rehired in 2007, 2008 or 2009.

Plaintiff asserts that he applied for and was denied employment for the 2007, 2008 and 2009 seasons, "not on [his] work record but in an effort to discriminate against [him] due to [his] age" and race.   (Pl. Opp'n at 1.)   Accordingly, Plaintiff filed a Charge of Discrimination with the EEOC, and on October 13, 2010, the EEOC issued a right to sue letter authorizing Plaintiff to bring suit.   Thereafter, Plaintiff commenced this lawsuit seeking compensation for the damages he allegedly suffered as a result of Defendant's discriminatory conduct.   Plaintiff specifically requests damages relating to the denial of employment for the 2007, 2008, and 2009 summer seasons. (Am. Compl. at 4; Pl. Sur-Reply at 2.)

DISCUSSION

I.   <u>Legal Standard</u>

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).   First, although the Court must accept all factual allegations as true, this "tenet" is "inapplicable

4

to legal conclusions;" thus, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (alteration in original) (quoting Ashcroft, 129. S. Ct. at 1950). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

II. Plaintiff's Discrimination Claims

Plaintiff claims that he was discriminated against on the basis of age in violation of the ADEA and on the basis of race in violation of Title VII. In order to ultimately prevail on either claim, Plaintiff must first present a prima facie case of discrimination consisting of the following four elements: (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) the surrounding circumstances permit an inference of discrimination. See Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003) (listing the elements of a prima facie case of age discrimination under the ADEA); Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004) (listing the elements of a prima facie case under Title VII); see also Jimenez v. N.Y.C., 605 F. Supp. 2d 485, 496 (S.D.N.Y. 2009); Brierly v. Deer Park Union Free Sch. Dist., 359 F. Supp. 2d 275, 294 (E.D.N.Y. 2005). Defendant

5

does not contest the first, second, or fourth elements of Plaintiff's prima facie case; thus, the only issue is whether Plaintiff suffered an adverse employment action.

Defendant argues that Plaintiff did not suffer an adverse employment action because he was not fired--rather, Plaintiff was a seasonal employee whose term of employment expired at the end of each season. The Court, however, does not agree with Defendant's assertion that the decision not to re-hire a season worker can ever be an adverse employment action. Rather, whether a decision not to rehire a seasonal employee is considered adverse employment action depends on whether the plaintiff had a reasonable expectation of being rehired. Dorman v. Webster Cent. Sch. Dist., 576 F. Supp. 2d 426, 428 (W.D.N.Y. 2008) ("[W]here an employee is employed for a fixed term, the natural expiration of the term and the employer's decision not to rehire the employee will not be deemed an adverse employment action but only so long as the plaintiff in those circumstances had no reasonable expectation of rehire." (emphasis in original)).[6]

_____

[6] See also Leibowitz v. Cornell Univ., 445 F.3d 586, 591-92 (2d Cir. 2006) (vacating dismissal of Title VII claim because although the contractual term of Plaintiff's employment had expired, her allegation of an unofficial understanding that certain persons are entitled to reappointment rendered the employer's refusal to re-hire her an adverse employment action); Gourdine v. Cabrini Med. Ctr., 307 F. Supp. 2d 587, 595 (S.D.N.Y. 2004) (holding that plaintiff whose employment

Here, Plaintiff may at one point have had a reasonable expectation of being re-hired.  Plaintiff was hired for the first time in 2002 and was re-hired every summer season after that through the summer of 2005.  However, Plaintiff had no intention of being rehired for the 2006 season--he signed his 2005 Final Evaluation affirming that he was not interested in employment for the following season, and he is only seeking damages arising out of Defendant's failure to hire him for the 2007, 2008, and 2009 seasons.  Nothing in the Amended Complaint or any of Plaintiff's opposition papers indicate that Plaintiff even applied for a position in 2006.  Therefore, Plaintiff had no reasonable expectation of re-hire in 2006 or in subsequent years, see Racker v. St. Bonaventure Univ., No. 04-CV-0125, 2005 WL 1522797, at *7 (W.D.N.Y. June 28, 2005) (dismissing a complaint and holding that a plaintiff whose one-year employment contract expired and who refused an offer of continued employment on a provisional basis did not suffer an adverse employment action), and he has thus failed to state a claim for discrimination under the ADEA or Title VII.

---

contract "ma[de] it clear that [her] employment was fixed at one year with no guarantee that she would be offered any further employment" did not suffer an adverse employment action when she was not rehired), aff'd in relevant part, 128 F. App'x 780 (2d Cir. 2005).

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE with leave to file a Second Amended Complaint. Any Second Amended Complaint must be filed on or before February 14, 2011 or the Amended Complaint will be deemed dismissed with prejudice.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Defendant is ORDERED to serve a copy of this Memorandum and Order on the pro se Plaintiff and to file proof of service on ECF within seven (7) days of the date of this Memorandum and Order.

SO ORDERED.

_____
Joanna Seybert, U.S.D.J.

DATED: December 22, 2011
Central Islip, New York

8